# **EXHIBIT 11**


June 23, 2015

**VIA FEDERAL EXPRESS**

| | |
|---|---|
| J&J Baby Products Company<br>c/o Johnson & Johnson Consumer Products, Inc.<br>501 George Street<br>New Brunswick, New Jersey 08903<br>Attn: Director of Procurement | J&J Baby Products Company<br>c/o Johnson & Johnson Consumer Products, Inc.<br>501 George Street<br>New Brunswick, New Jersey 08903<br>Attn: Vice President – Finance |

Re:  **Indemnification Demand Notice for Ovarian Cancer Lawsuits**

Dear Sir/Madam:

I write to notify Johnson & Johnson; Johnson & Johnson Baby Products Company, a division of Johnson & Johnson Consumer Products, Inc.; and Johnson & Johnson Consumer Companies, Inc. (collectively "J&J") of Imerys Talc America, Inc.'s f/k/a Luzenac America, Inc. ("Imerys") demand for indemnification pursuant to various talc supply and material purchase agreements with J&J (the "Agreements"), as well as by operation of law.

Specifically, the 1989 Talc Supply Agreement between J&J and Windsor Minerals, Inc. provides that J&J "shall indemnify, defend and hold harmless [Windsor Minerals], and its affiliates, and each of their respective directors, officers, employees, and agents from and against all liabilities arising out of any product liability-based claim, suit, demand or cause of action directed against [Windsor Minerals] or any of [Windsor Minerals'] affiliates: (i) arising out of the sale of cosmetic talc products to consumer markets, which products were manufactured by [Windsor Minerals] prior to [January 6, 1989]; or (ii) for which [J&J] is directly or indirectly responsible as a result of [J&J's] possession, use or processing of Talc delivered to [J&J] pursuant to this Agreement, or as a result of [J&J's] manufacture, shipment and sale of Talc-containing product (including without limitation, baby powder and adult powder) derived from Talc delivered to [J&J] pursuant to this Agreement … The provisions of this Section 11 survive termination or expiration of this Agreement." (1989 Talc Supply Agreement, §11.)

Also in 1989, J&J sold the stock of Windsor Minerals, Inc. to Cyprus Mines Corporation ("Cyprus") pursuant to a Stock Purchase Agreement (the "SPA"). The 1989 SPA requires J&J to indemnify Cyprus against any "product liability-based claim, suit, demand or cause of action directed against Cyprus, Windsor or Western or any of their affiliates arising out of the sale of talc or talc-containing products manufactured by Windsor, Western, J&J or the affiliates of Windsor, Western or J&J, prior to Closing … J&J's obligation of indemnification … shall survive the Closing forever." (1989 SPA, §11.2.) In or around 1992, Cyprus sold its U.S. talc operations to RTZ America, Inc., a subsidiary of the Rio Tinto Group, which subsequently changed the name of its U.S. talc operations from Cyprus to Luzenac America, Inc. ("Luzenac").

100 Mansell Court East, Suite 300, Roswell, GA 30076
Tel: 770-645-3300 - Fax: 770-645-3475 - www.imerys.com

In addition, the 2011 Material Purchase Agreement between J&J and Luzenac provides that J&J "shall indemnify, defend and hold harmless [Luzenac] for any third party claims brought against [Luzenac] based on the use of Materials by [J&J]." (2011 Material Purchase Agreement, ¶ 6.) On August 1, 2011, Rio Tinto America, Inc. sold the stock of the talc operations of the Rio Tinto Group to Mircal SA, which later changed the name from Luzenac to Imerys Talc America, Inc.

As you know, since 2009, numerous lawsuits have been filed against Imerys Talc America, Inc. f/k/a Luzenac America, Inc. in various jurisdictions alleging bodily injury as a result of long-term use of certain talc-based body powders manufactured by J&J with talc delivered by Imerys/Luzenac in accordance with the Agreements with J&J (the "Talc Lawsuits").

In light of the allegations contained in the Talc Lawsuits, this letter is to notify you that J&J is obligated under the Agreements and/or principles of implied contract and/or implied indemnity to indemnify, defend, and hold harmless Imerys with respect to the liabilities resulting from the Talc Lawsuits including, but not limited to, legal defense costs and reasonable attorney fees incurred in defending the Talc Lawsuits.

Please confirm in writing no later than ten (10) business days that J&J will comply with its indemnification obligations. Once I receive such confirmation, I will forward invoices for legal fees incurred to date for reimbursement and will continue to forward invoices for legal fees incurred by Imerys' counsel in defending ongoing or subsequent Talc Lawsuits.

Sincerely,

Ryan J. Van Meter
Vice President & General Counsel, North America
Imerys Talc America, Inc.

cc: Johnson & Johnson
    One Johnson & Johnson Plaza
    New Brunswick, New Jersey 08933
    Attn: General Counsel

21188106.3