# **EXHIBIT 14**



March 24, 2017

**VIA FEDERAL EXPRESS**

Denise H. Houghton
Office of General Counsel
Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, New Jersey 08933

Re:   **Indemnification Demand Notice for Asbestos Lawsuits**

Dear Ms. Houghton:

    I write to notify Johnson & Johnson; Johnson & Johnson Baby Products Company, a division of Johnson & Johnson Consumer Products, Inc.; and Johnson & Johnson Consumer Companies, Inc. (collectively "J&J") of Imerys Talc America, Inc.'s f/k/a Luzenac America, Inc. ("Imerys") demand for indemnification pursuant to various talc supply and material purchase agreements with J&J (the "Agreements"), as well as by operation of law.

    Specifically, the 1989 Talc Supply Agreement between J&J and Windsor Minerals, Inc. provides that J&J "shall indemnify, defend and hold harmless [Windsor Minerals], and its affiliates, and each of their respective directors, officers, employees, and agents from and against all liabilities arising out of any product liability-based claim, suit, demand or cause of action directed against [Windsor Minerals] or any of [Windsor Minerals'] affiliates: (i) arising out of the sale of cosmetic talc products to consumer markets, which products were manufactured by [Windsor Minerals] prior to [January 6, 1989]; or (ii) for which [J&J] is directly or indirectly responsible as a result of [J&J's] possession, use or processing of Talc delivered to [J&J] pursuant to this Agreement, or as a result of [J&J's] manufacture, shipment and sale of Talc-containing product (including without limitation, baby powder and adult powder) derived from Talc delivered to [J&J] pursuant to this Agreement … The provisions of this Section 11 survive termination or expiration of this Agreement." (1989 Talc Supply Agreement, §11.)

    Also in 1989, J&J sold the stock of Windsor Minerals, Inc. to Cyprus Mines Corporation ("Cyprus") pursuant to a Stock Purchase Agreement (the "SPA"). The 1989 SPA requires J&J to indemnify Cyprus against any "product liability-based claim, suit, demand or cause of action directed against Cyprus, Windsor or Western or any of their affiliates arising out of the sale of talc or talc-containing products manufactured by Windsor, Western, J&J or the affiliates of Windsor, Western or J&J, prior to Closing … J&J's obligation of indemnification … shall survive the Closing forever." (1989 SPA, §11.2.) In or around 1992, Cyprus sold its U.S. talc operations to RTZ America, Inc., a subsidiary of the Rio Tinto Group, which subsequently changed the name of its U.S. talc operations from Cyprus to Luzenac America, Inc. ("Luzenac").

    In addition, the 2011 Material Purchase Agreement between J&J and Luzenac provides that J&J "shall indemnify, defend and hold harmless [Luzenac] for any third party claims brought against [Luzenac] based on the use of Materials by [J&J]." (2011 Material Purchase

Denise H. Houghton
March 24, 2017
Page 2

Agreement, ¶ 6.)  On August 1, 2011, Rio Tinto America, Inc. sold the stock of the talc operations of the Rio Tinto Group to Mircal SA, which later changed the name from Luzenac to Imerys Talc America, Inc.

Finally, even in the absence of an express agreement to indemnify, J&J has an obligation to indemnify Imerys under theories of implied contract and/or implied indemnity.

Numerous lawsuits have been filed against Imerys Talc America, Inc. in various jurisdictions alleging bodily injury as a result of exposure to asbestos and asbestos-containing body powders manufactured by J&J with talc delivered by Imerys or its successors or affiliates in accordance with the Agreements with J&J (the "Asbestos Lawsuits").  Copies of the complaints received to date can be located by visiting https://highq.in/10pzls1j9h.  The password to access the complaints is j1729pB#.  The link will be valid for 30 days.

In light of the allegations contained in the Asbestos Lawsuits, this letter is to notify you that J&J is obligated under the Agreements and/or principles of implied contract and/or implied indemnity to indemnify, defend, and hold harmless Imerys with respect to the liabilities resulting from the Asbestos Lawsuits including, but not limited to, legal defense costs and reasonable attorney fees incurred in defending the Asbestos Lawsuits.

Imerys also demands that J&J (i) provide copies of all general liability and other insurance policies that may provide coverage for the Asbestos Lawsuits and (ii) cooperate with Imerys in its attempts to obtain coverage thereunder.  As you may recall, the 1989 SPA provides that J&J "agrees to use its best efforts to make such coverage and policies (including excess coverage policies) available to Cyprus, Windsor and Western, and their affiliates, up to the limits specified in such policies, and to cooperate with Cyprus and its affiliates in making claims against such policies." (1989 SPA, §5.9.)  As the successor in interest to Cyprus' rights under the 1989 SPA, we hereby assert our rights to such cooperation and such policies.

Please confirm in writing no later than ten (10) business days that J&J will comply with its indemnification obligations.  Once I receive such confirmation, I will forward invoices for legal fees incurred to date for reimbursement and will continue to forward invoices for legal fees incurred by Imerys' counsel in defending ongoing or subsequent Asbestos Lawsuits.

Sincerely,

Gregory N. Harris

cc: Johnson & Johnson
    One Johnson & Johnson Plaza
    New Brunswick, New Jersey 08933
    Attn: General Counsel