**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMERYS TALC AMERICA, INC., *et al.*,[1]<br><br>Debtors | Chapter 11<br><br>Case No. 19-10289 (LSS)<br><br>(Jointly Administered) |
| IMERYS TALC AMERICA, INC. and<br>IMERYS TALC VERMONT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON and JOHNSON &<br>JOHNSON CONSUMER INC.,<br><br>Defendants. | Adv. Pro. No. 21-51006 (LSS) |

**THE FUTURE CLAIMANTS' REPRESENTATIVE'S MOTION TO INTERVENE IN AN
ADVERSARY PROCEEDING AND JOINDER IN THE MOTION OF THE OFFICIAL
COMMITTEE OF TORT CLAIMANTS TO INTERVENE
IN AN ADVERSARY PROCEEDING**

James L. Patton, Jr. (the "FCR"), the legal representative for future talc personal injury

claimants ("Future Claimants"), by and through his undersigned counsel, hereby submits this

motion (the "Motion") for entry of an order permitting the FCR to intervene as a Plaintiff in this

adversary proceeding (the "Adversary Proceeding") pursuant to Section 1109(b) of the Bankruptcy

Code, Rule 24 of the Federal Rules of Civil Procedure ("FRCP"), Rule 7024 of the Federal Rules

of Bankruptcy Procedure, and the *Order Appointing James L. Patton, Jr., as Legal Representative*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, GA 30076.

*for Future Talc Personal Injury Claimants,* Nunc Pro Tunc *to the Petition Date* [Docket No. 647] (the "<u>FCR Order</u>").  The Debtors who commenced the Adversary Proceeding have consented to the FCR's intervention.

The FCR also joins in and incorporates by reference the motion to intervene of the Official Committee of Tort Claimants (the "<u>Committee</u>") due to the overlap between the FCR and Committee's factual and legal bases for intervention.  Indeed, the FCR Order declared that the FCR "shall have such powers and duties of a committee" with "standing under section 1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating to the Chapter 11 Cases."[2]  For the sake of efficiency and judicial economy, the FCR will not repeat the arguments set forth in the Committee's motion. The FCR, however, represents separate stakeholders from the Committee and possesses separate bases for intervention in addition to the ones set forth in the Committee's motion.

The FCR possesses an absolute right under FRCP 24 to intervene in the Adversary Proceeding as the statutory fiduciary representative of Future Claimants under 11 U.S.C. §§ 105(a) and 524(g) and as a party-in-interest under 11 U.S.C. § 1109(b).

Moreover, FRCP 24(a)(2) entitles the FCR to intervene in the Adversary Proceeding as of right. According to Third Circuit law, a party seeking to intervene under Rule 24(a)(2) need only show: "1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests."[3]

---

[2] FCR Order ¶ 4(a).

[3] *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005).

28407487.1

These four factors are easily established here.  First, the Motion is timely for the same reasons as set forth in the Committee's motion to intervene.  Second, like current claimants, Future Claimants have a substantial interest in the Adversary Proceeding: preservation of the estates' most valuable assets—the indemnities—for the benefit of the Talc Personal Injury Trust.[4]  Third, the Future Claimants' substantial interests in the indemnities and the corpus of the Talc Personal Injury Trust may be impaired or otherwise affected by the Adversary Proceeding's disposition.[5]

Lastly, no existing party adequately represents Future Claimants' interests in the Adversary Proceeding. To prevail on this factor, the FCR need only show that the representation of Future Claimants' interests "may be inadequate."[6] Accordingly, the FCR "'has a minimal burden of showing that the existing parties cannot adequately represent its interest.'"[7]

In *Celotex*, for example, the bankruptcy court held that the future claimants' representative and the trust advisory committee comprised of current claimants each met the "minimal burden" to intervene in an adversary proceeding that could affect trust assets.[8]  As the *Celotex* court explained, the future claimants' representative and the trust advisory committee "have singular

---

[4] *See Liberty Mut. Ins. Co.*, 419 F.3d at 220 (holding that "[t]o establish a sufficient interest for intervention," an intervenor must show "'an interest relating to the property or transaction which is the subject of the action'" (quoting *Mountain Top Condo.*, 72 F.3d at 366)).

[5] *See Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 162 (3d Cir. 1995) (holding that a party seeking intervention must demonstrate that the underlying lawsuit represents a tangible threat to its legally protectable interest); *In re Celotex Corp.*, 377 B.R. 345, 351 (Bankr. M.D. Fla. 2006) ("[T]he Legal Representative and the TAC are charged with the duty of protecting the interests of the present and future Asbestos Personal Injury Claimants. If they are not permitted to intervene, therefore, their ability to protect their constituencies' interests may be impaired or impeded, since the disposition of this action will ultimately affect . . . the amount of the funds that are available to pay Personal Injury Claims."); *see also* Rule 24, Advisory Committee Notes, 1966 Amendments ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should . . . be entitled to intervene.").

[6] *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369–70 (3d Cir. 1995), 72 F.3d at 368–69 (internal quotation omitted).

[7] *Celotex,* 377 B.R. at 351 (quoting *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1245 (11th Cir. 2002)).

[8] *Id.*

28407487.1

constituencies with clear economic interests."[9] The Third Circuit has similarly explained that, "future claimants require their own spokesperson" because the debtor and the creditors' committee do not "have interests similar to those of future claimants . . . ."[10] Neither the Debtors nor the Committee owe a fiduciary duty solely to Future Claimants. It is only the FCR who can provide the "vigorous and faithful vicarious representation" that ameliorates the due-process concerns associated with the unknown individuals whose rights to compensation will be affected by the Adversary Proceeding's outcome.[11]

Without independent representation, Future Claimants risk receiving less favorable treatment than current claimants in a potential resolution of the Adversary Proceeding.[12] Indeed, it is the unknown Future Claimants who bear the greatest risks in such a proceeding. Accordingly, the FCR easily meets the standard for intervention as of right under Rule 24(a)(2), and the Motion should therefore be granted.

*[Remainder of Page Intentionally Left Blank]*

---

[9] *Id.*

[10] *In re Amatex Corp.*, 755 F.2d 1034, 1042–43 (3d Cir. 1985).

[11] *Ivy v. Diamond Shamrock Chems. Co. (In re Agent Orange Prod. Liab. Litig.)*, 996 F.2d 1425, 1435 (2d Cir. 1993).

[12] *See In re Combustion Eng'g, Inc.*, 391 F.3d 190, 242 (3d Cir. 2004) (recounting how future claimants received "demonstrably unequal" treatment under deal struck before appointment of future claimants' representative).

28407487.1

For the reasons set forth above, the FCR respectfully requests that the Court grant the Motion and enter the proposed order, annexed hereto as **<u>Exhibit A</u>**, approving the intervention of the FCR as a Plaintiff in the Adversary Proceeding.

Dated: July 28, 2021                         YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Jared W. Kochenash*
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Kevin A. Guerke (No. 4096)
Sharon M. Zieg (No. 4196)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: rbrady@ycst.com
         eharron@ycst.com
         kguerke@ycst.com
         szieg@ycst.com
         jkochenash@ycst.com

*Counsel to the Future Claimants' Representative*

28407487.1