# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY**
**COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>IMERYS TALC AMERICA, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19–10289 (LSS)<br>(Jointly Administered) |
| IMERYS TALC AMERICA, INC. and IMERYS TALC VERMONT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER INC.,<br><br>Defendants. | Adv. Pro. No. 21-51006 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' AND THE FUTURE CLAIMAINTS' REPRESENTATIVE'S FIRST SET OF INTERROGATORIES TO JOHNSON & JOHNSON AND JOHNSON & JOHNSON CONSUMER INC. IN CONNECTION WITH THE MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 33, made applicable herein pursuant to Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure, the Official Committee of Tort Claimants (the "Committee") and the Future Claimants' Representative (the "FCR" together with the Committee, "Plaintiffs-Intervenors") by their undersigned attorneys, hereby request that Johnson & Johnson and Johnson & Johnson Consumer Inc. respond to the following interrogatories (collectively, the "Interrogatories" and each an "Interrogatory") in connection with Plaintiffs-

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6348), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East Suite 300, Roswell, Georgia 30076.

- 1 -

Intervenors' Motion for Preliminary Injunction in the above-captioned adversary proceeding on or before August 12, 2021.

## DEFINITIONS

All terms not otherwise defined shall have their ordinary and common meanings. Capitalized terms used but not herein defined have the meanings ascribed to them in the Plan. Unless the context indicates otherwise, terms used herein shall have the following meanings:

1. "Affiliate" means any entity ascribed to such term in §101(2) of the Bankruptcy Code.

2. "All" means all or any, and "any" means all or any.

3. "Communication" means any transmittal or receipt of information by any means, whether in the form of facts, ideas, inquiries, diagrams, or otherwise, regardless of method or medium, including, but not limited to, any conversation, meeting, conference, correspondence, or other written or oral transmission by letter, facsimile, telephone, telegram, telex, courier, electronic service, e-mail or any other medium, whether formal or informal.

4. "Debtors" means Imerys Talc America, Inc., Imerys Talc Vermont, Inc., and Imerys Talc Canada Inc., each of their predecessors, and any of their attorneys, representatives, consultants, advisors or anyone acting on the Debtors' behalf.

5. "Document" shall have the broadest possible meaning ascribed to it under applicable law and includes, without limitation, writings of any kind, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable format—including ESI. It also includes, but is not limited to, all e-mail, correspondence, memoranda, interoffice and intra-office communications, teletypes, telegrams, telexes, facsimiles, Bloomberg messages, stenographic or handwritten notes, agreements, contracts,

- 3 -

quotations, accounting or audit records, ledgers, lists, tables, financial analyses, credit memos, spreadsheets, diagrams, invoices, canceled or un-canceled checks, studies, articles, working papers, records, reports, surveys, minutes, brochures, schedules, calendars, diaries, logs, letters, video or audio files or recordings, voicemails, transcriptions of voice-mail messages, agendas, proxies, photocopies, articles, computer print-outs, discs, tapes, data compilations of any sort and programs from which information can be obtained or translated into usable form. This definition encompasses not only the original version but also any draft or copy containing or having attached thereto any alterations, notes, comments or other material not appearing on the original, including metadata. A draft or non-identical copy is a separate Document within the meaning of the term. Any Document with marks such as initials, comments or notations of any kind is not identical to one without such marks, and is to be produced separately.

6. "FCR" refers to James L. Patton, Jr., the appointed future claims representative, in these Chapter 11 Cases, including any attorneys, representatives, consultants, advisors or anyone acting on the FCR's behalf.

7. "Identify All Documents" means the following information shall be furnished: the type of Document or file, the title or name by which it is referred, the date of the Document, the identity of its author(s) or the Person creating the Document or file, the identity of all recipients of the Document, and the present location of the Document.

8. "Including" means including but not limited to.

9. "J&J," "You," or "Your" refer to Johnson & Johnson and Johnson & Johnson Consumer Inc., together with any related entities or affiliates, and any of their officers, directors, partners, members, employees, consultants, assigns, attorneys, representatives and agents, or other persons or entities acting under Johnson & Johnson's or Johnson & Johnson Consumer Inc.'s control or on their behalf.

10. "J&J Agreements" shall have the meaning ascribed to it in the Plan.

11. "J&J Indemnification Obligations" shall have the meaning ascribed to it in the Plan.

12. "Plan" means the *Ninth Amended Joint Chapter 11 Plan of Reorganization of Imerys Talc America, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 2864], any subsequent amendment or modification thereto, all prior proposed plans of reorganization filed by the Debtors, and all disclosure statements filed by the Debtors in support thereof, as applicable.

13. "Relating" means concerning, referring to, describing, evidencing, pertaining to, consisting of, constituting, containing, reflecting, relying upon, discussing, identifying, supporting, refuting, contradicting, or in any way logically or factually connected with the matter discussed.

## INSTRUCTIONS

1. Each Interrogatory shall be construed independently and not with reference to any other Interrogatory for the purpose of limitation.

2. If any information requested herein is withheld under claim of privilege, or is not provided for whatever reason, you are requested at the time of responding to these Interrogatories to (a) describe in detail the claim of privilege or other reason used to withhold the information and (b) identify all information by date and subject matter, without disclosing its contents, in a manner sufficient to allow it to be Described to the Court for ruling on the privilege or other reason asserted. You are further requested to provide all requested information that is not subject to a claim of privilege or other reason for nonproduction by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

3. In the event that you interpose an objection to an Interrogatory, you should clearly indicate to which part or portion of the Interrogatory the objection is directed and provide all information to which objection is not made as if such part or portion were propounded as a separate Interrogatory.

4. If, in responding to these Interrogatories, you claim any ambiguity in an Interrogatory, Instruction, or Definition, such claim shall not be used as a basis for refusing to respond, but you shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the Interrogatory. If any of the requested information or Documents were, but no longer are, in your Possession or subject to your control, State whether such information or Document: (a) is missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to any other Person or entity or (d) has been otherwise disposed of, and, in each instance, explain the circumstances surrounding the disposition thereof and provide a description of the nature, content, date, author(s) and recipient(s) of the information or Document.

5. In construing these Interrogatories: (i) use of the singular of any word includes the plural and vice versa; (ii) masculine, feminine or neuter pronouns shall not exclude other genders; and (iii) use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside their scope.

6. The terms "all," "any," "each" and "every" shall be construed as all, any, each and every to bring within the scope of the Interrogatories all information that might otherwise be construed to be outside of its scope.

- 6 -

7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. These Interrogatories are continuing. If, after responding, you obtain or become aware of any additional information responsive to these Interrogatories, you shall promptly provide supplemental answers.

9. Plaintiffs-Intervenors expressly reserve the right to supplement these Interrogatories to the extent permitted by applicable law and rules.

## INTERROGATORIES

1. Identify each and every J&J entity or affiliate that currently has or claims any rights under any of the Indemnification Agreements and identify the particular rights asserted by each such entity or affiliate.

2. Identify each and every J&J entity or affiliate that currently owes any obligations under each of the Indemnification Agreements, and identify the particular obligations owed by each such entity or affiliate.

3. Since August 1, 2019, has J&J formed any entity or affiliate as, converted any entity or affiliate to, or reincorporated any entity or affiliate as a North Carolina company? If so, identify each and every such entity or affiliate.

Dated: August --, 2021
Wilmington, Delaware

Respectfully submitted,

**ROBINSON & COLE LLP**

---

Natalie D. Ramsey (No. 5378)
Mark A. Fink (No. 3946)
1201 North Market Street, Suite 1406
Wilmington, Delaware 19801
Tel:  (302) 516-1700; Fax:  (302) 516-1699
nramsey@rc.com
mfink@rc.com

Michael R. Enright (admitted *pro hac vice)*
280 Trumbull Street
Hartford, CT 06103
Tel:  (860) 275-8290; Fax: (860) 275-8299
menright@rc.com

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Jeffrey B. Korn (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000; Fax: (212) 728-8111
rstrickland@willkie.com
jkorn@willkie.com
slombardi@willkie.com

**GILBERT LLP**
Kami E. Quinn (admitted *pro hac vice)*
Heather Frazier (admitted *pro hac vice*)
700 Pennsylvania Avenue, SE; Suite 400
Washington, DC 20003
Telephone:  (202) 772-2200
quinnk@gilbertlegal.com
frazierh@gilbertlegal.com

*Counsel to the Official Committee of Tort Claimants*

and

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_____
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Tel. (302) 571-6600; Fax: (302) 571-1253
rbrady@ycst.com
eharron@ycst.com
szieg@ycst.com
jkochennash@ycst.com

*Counsel to the Future Claimants' Representative*

# IN THE UNITED STATES BANKRUPTCY
# COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>IMERYS TALC AMERICA, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19–10289 (LSS)<br>(Jointly Administered) |
| IMERYS TALC AMERICA, INC. and IMERYS TALC VERMONT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER INC.,<br><br>Defendants. | Adv. Pro. No. 21-51006 |

**THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' AND THE FUTURE CLAIMAINTS' REPRESENTATIVE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO JOHNSON & JOHNSON AND JOHNSON & JOHNSON CONSUMER INC. IN CONNECTION WITH THE MOTION FOR <u>PRELIMINARY INJUNCTION</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 34, made applicable herein pursuant to Rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, the Official Committee of Tort Claimants (the "<u>Committee</u>") and the Future Claimants' Representative (the "<u>FCR</u>" together with the Committee, "<u>Plaintiffs-Intervenors</u>") by their undersigned attorneys,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6348), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East Suite 300, Roswell, Georgia 30076.

hereby request that Johnson & Johnson and Johnson & Johnson Consumer Inc. produce the documents described below (the "Request") in connection with Plaintiffs-Intervenors' Motion for Preliminary Injunction in the above-captioned chapter 11 cases. Plaintiffs-Intervenors request that J&J provide the requested documents on or before August 12, 2021 at 5:00 p.m. ET, and that they be served on or produced to the law offices of Robinson & Cole LLP, 1201 North Market Street, Suite 1406, Wilmington, DE 19801, attention Natalie D. Ramsey and Mark Fink by delivery through electronic means to the email addresses nramsey@rc.com and mfink@rc.com.

## DEFINITIONS

All terms not otherwise defined shall have their ordinary and common meanings. Capitalized terms used but not herein defined have the meanings ascribed to them in the Plan. Unless the context indicates otherwise, terms used herein shall have the following meanings:

1. "All" means all or any, and "any" means all or any.

2. "Communication" means any transmittal or receipt of information by any means, whether in the form of facts, ideas, inquiries, diagrams, or otherwise, regardless of method or medium, including, but not limited to, any conversation, meeting, conference, correspondence, or other written or oral transmission by letter, facsimile, telephone, telegram, telex, courier, electronic service, e-mail or any other medium, whether formal or informal.

3. "Document" shall have the broadest possible meaning ascribed to it under applicable law and includes, without limitation, writings of any kind, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable format—including ESI. It also includes, but is not limited to, all e-mail, correspondence, memoranda, interoffice and intra-office communications, teletypes, telegrams, telexes, facsimiles, Bloomberg messages, stenographic or

handwritten notes, agreements, contracts, quotations, accounting or audit records, ledgers, lists, tables, financial analyses, credit memos, spreadsheets, diagrams, invoices, canceled or un-canceled checks, studies, articles, working papers, records, reports, surveys, minutes, brochures, schedules, calendars, diaries, logs, letters, video or audio files or recordings, voicemails, transcriptions of voice-mail messages, agendas, proxies, photocopies, articles, computer print-outs, discs, tapes, data compilations of any sort and programs from which information can be obtained or translated into usable form. This definition encompasses not only the original version but also any draft or copy containing or having attached thereto any alterations, notes, comments or other material not appearing on the original, including metadata. A draft or non-identical copy is a separate Document within the meaning of the term. Any Document with marks such as initials, comments or notations of any kind is not identical to one without such marks, and is to be produced separately.

4.     "ESI," or "electronically stored information," means information stored in any electronic format and includes files created using any software application, for example, word-processing documents, spreadsheets, databases, charts, graphs and outlines. Electronic data includes all electronic files or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, a deleted file or a file fragment. It also includes information stored on all primary-storage or back-up storage media, whether fixed or removable, and whether permanent, write-once or rewritable. It also includes the file-folder tabs, containers or labels appended to any storage device containing electronic data.

5.     "House Subcommittee Request" means the July 28, 2021 letter issued by the Congressional Subcommittee on Economic and Consumer Policy to Johnson & Johnson requesting "information about Johnson & Johnson's reported plans to seek bankruptcy protection

for a dedicated subsidiary the company would create to assume liability for injuries allegedly caused by Johnson & Johnson talc baby powder."

6. "J&J," "You," or "Your" refer to Johnson & Johnson and Johnson & Johnson Consumer Inc., together with any related entities or affiliates, and any of their officers, directors, partners, members, employees, consultants, assigns, attorneys, representatives and agents, or other persons or entities acting under Johnson & Johnson's or Johnson & Johnson Consumer Inc.'s control or on their behalf.

## INSTRUCTIONS

7. In responding to the Request, You are required to produce all Documents described below that are in Your possession, custody or control, including, for the purposes of illustration only, those Documents in the possession, custody or control of Your counsel (in this matter or any other action) or former attorneys, investment advisors, financial advisers, securities brokers or dealers, investigators, accountants, employees or other agents, regardless of location. A Document is within Your control, for example, if You have the right to obtain the Document or a copy of the Document from another Person having possession or custody of the Document. If any Document is in the possession or custody of another Person and not currently within Your control, identify the Person (or Persons) from whom the Document may be obtained.

8. You are specifically instructed to search all document management systems, computer archives, backup tapes, e-mail files, Bloomberg messages, web pages, word processing files, audio and video files and recordings, images, computer databases, and anything stored on any computing or electronic device, including servers, desktops, laptops, cell phones, hard drives, flash drives, PDAs, smartphones and MP3 players, for Documents responsive to the Request. Production of Documents shall be made regardless of whether Documents exist in tangible or "hard" copy form or whether the user purported to "delete" the Document, so long as the

Document is capable of being retrieved. If You decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost You claim is associated with the search or production of such ESI.

9. If You have reason to believe that there are e-mails responsive to the Request that have not been retained, state the name and address of the e-mail provider (e.g., Microsoft, Yahoo!, Gmail, Bloomberg, AOL, etc.) or program used by You during the period and describe the efforts You have made to retrieve the requested information.

10. For the purpose of reading, interpreting and construing the scope of this Request, terms not specifically defined shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

11. In construing this Request: (i) use of the singular of any word includes the plural and vice versa; (ii) masculine, feminine or neuter pronouns shall not exclude other genders; and (iii) use of a verb in any tense shall be construed as the use of that verb in all other tenses wherever necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside their scope.

12. If any portion of a Document is responsive to the Request, the entire Document shall be produced.

13. If Documents responsive to the Request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto and indicate the company, division, department and/or individual from whose files the Document is being produced. If responsive Documents are segregated or separated from other documents, whether by inclusion in binders,

files, sub-files or by use of dividers, tabs or any other method, produce such documents in that form.

14. You should produce each requested Document in its entirety, without abbreviation or redaction, including all attachments, appendices, enclosures, exhibits, lists, schedules or other matters at any time affixed thereto. If a Document responsive to any Request cannot be produced in full, You should produce it to the extent possible with an explanation stating why production of the remainder is not possible. If any Document has been lost or destroyed, state when it was lost or destroyed, identify the person who lost or destroyed the Document, and state in as much detail as possible the contents of the Document. In the case of destroyed Documents, identify the Person who directed that it be destroyed and the reasons for its destruction.

15. If You withhold from production responsive Documents or other materials because You are asserting a claim of privilege as to those Documents or materials, please prepare a list of those withheld Documents and materials that identifies the following:

    a. the title or general subject matter of each Document;

    b. the type of Document (e.g., letter, memorandum, note, report, etc.), including whether there are attachments or enclosures;

    c. the date of the Document;

    d. the author(s) of the Document and their title(s);

    e. each recipient of the Document, including each person for whom it was prepared, to whom it was addressed, or to whom a copy was sent;

    f. the basis for withholding such Document and each withheld portion of Document.

    g. sufficient additional information about the Document as is necessary to justify Your claim of privilege.

16. If information is redacted from a Document produced in response to the Request, You shall identify the redaction by stamping the word "Redacted" on the Document at each place where information has been redacted and separately log each redaction on the privilege log.

17. In responding to the Request, You should produce Documents—including ESI—as they are kept in the ordinary course of business. Documents shall be produced in the order in which they appear in their files, and shall not be shuffled or otherwise rearranged. Documents that, in their original condition, were stapled, clipped or otherwise fastened together shall be produced in such form. You should produce ESI and Documents that are electronically searchable in a form that does not remove or degrade this feature. You should also include any information needed to access, search or sort the electronic data.

18. You should produce Documents, including e-mail, in single-page tagged image file format ("TIFF"). Each image shall have a unique production number. Full text files, if any, should be delivered as document-level text files named for the first production number of that document. Spreadsheets, video and audio recordings, presentation files (such as PowerPoint files), and database files shall be provided in native format, with an accompanying placeholder production-numbered TIFF file. Each Document produced in native format shall be clearly labeled to indicate the placeholder production number that corresponds to the placeholder production-numbered TIFF file for that Document.

19. Database information for Your production shall be provided in a ".dat" file, which contains the metadata fields as a delimited database load file. The data load file should contain the field headers indicating the contents of each field. Required fields of data are, but are not limited to:

- Beg Bates
- End Bates

- Begin Attachment
- End Attachment
- Native File Path (for native file productions)
- Page Count
- Custodian
- Duplicate Custodian(s)
- Time Sent (hh:mm:ss)
- Date Sent (mm/dd/yyyy)
- Date Received (mm/dd/yyyy)
- Time Received (hh:mm:ss)
- Last Modified (mm/dd/yyyy)
- Email Subject
- From
- To
- CC
- BCC
- Email Item Type (Email or Attachment)
- File Source Path
- File Name
- File Type
- File Source Extension
- Modified By, or in the alternative, Author or Last Author
- Hash Value (MD5 or SHA1/2 algorithm)
- Email Conversation/Thread ID

20. If, in responding to the Request, You claim any ambiguity in interpreting the Request or a definition or instruction applicable thereto, You should not rely on such claim as a basis for refusing to respond, but you shall set forth as part of Your response to the Request the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

21. In the event that You claim that the Request is overly broad or unduly burdensome, You are requested to respond to that portion of the Request that is unobjectionable and specifically identify the respect in which You believe the Request is overly broad or unduly burdensome. If Your objection relates only to part of the Request, produce all Documents that do not fall within the scope of your objection.

22. If there are no Documents responsive to the Request, You shall so state in writing. If all Documents in Your possession, custody or control that are responsive to the Request have already been produced, You shall so state in writing.

23. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all Documents that might otherwise be construed as outside of its scope.

24. The Request shall not be construed as a waiver or abridgment of, and is not intended to waive, any argument or defense, or any objection to any of Your discovery requests, nor shall they be construed as any admission of fact.

## REQUESTS

1. All Documents and Communications produced by J&J in response to the House Subcommittee Request, as well as all correspondence with the Congressional Subcommittee on Economic and Consumer Policy with respect to the same.

2. All Documents relating to resolutions adopted by J&J authorizing the formation of, conversion to or reincorporation as a North Carolina limited liability company or corporation at any time on or after February 13, 2019.

3. All completed or partially completed forms related to J&J for filing with the Texas Secretary of State or the North Carolina Secretary of State for the purpose of effectuating the formation of, conversion to or reincorporation as a Texas or North Carolina limited liability company or corporation.

4. All Documents relating to any plan of corporate reorganization adopted or authorized by J&J and involving any of the actions described in Requests 2 and 3.

Dated: August --, 2021
Wilmington, Delaware

Respectfully submitted,

**ROBINSON & COLE LLP**

_____
Natalie D. Ramsey (No. 5378)
Mark A. Fink (No. 3946)
1201 North Market Street, Suite 1406
Wilmington, Delaware 19801
Tel:  (302) 516-1700; Fax:  (302) 516-1699
nramsey@rc.com
mfink@rc.com

Michael R. Enright (admitted *pro hac vice)*
280 Trumbull Street
Hartford, CT 06103
Tel:  (860) 275-8290; Fax: (860) 275-8299
menright@rc.com

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Jeffrey B. Korn (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000; Fax: (212) 728-8111
rstrickland@willkie.com
jkorn@willkie.com
slombardi@willkie.com

**GILBERT LLP**
Kami E. Quinn (admitted *pro hac vice)*
Heather Frazier (admitted *pro hac vice*)
700 Pennsylvania Avenue, SE; Suite 400
Washington, DC 20003
Telephone:  (202) 772-2200
quinnk@gilbertlegal.com
frazierh@gilbertlegal.com

*Counsel to the Official Committee of Tort Claimants*

and

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_____

Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Tel. (302) 571-6600; Fax: (302) 571-1253
rbrady@ycst.com
eharron@ycst.com
szieg@ycst.com
jkochennash@ycst.com

*Counsel to the Future Claimants' Representative*