# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>IMERYS TALC AMERICA, INC., *et al.*,[1]<br><br>Debtors | Chapter 11<br><br>Case No. 19-10289 (LSS)<br><br>(Jointly Administered) |
| IMERYS TALC AMERICA, INC. and IMERYS TALC VERMONT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER INC.,<br><br>Defendants. | Adv. Pro. No. 21-51006 |

### MOTION TO SHORTEN MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AND FOR DISCOVERY SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION

The Official Committee of Tort Claimants (the "Committee") and the Future Claimants' Representative (the "FCR" together with the Committee, the "Plaintiffs-Intervenors") seek to shorten timing for consideration of their Motion for Leave to Conduct Expedited Discovery and for Discovery Schedule on Motion for Preliminary Injunction ("Motion for Expedited Discovery")[2] filed with this Court.  In support thereof, the Plaintiffs-Intervenors represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, GA 30076.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion for Expedited Discovery.

## JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

2.     The statutory predicates for the relief sought in this Motion are sections 102(1) and 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-1(e).

## BACKGROUND

3.     On February 13, 2019 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On March 5, 2019, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the Committee [Dkt. No. 132].  The Bankruptcy Court appointed James L. Patton, Jr. as Legal Representative for Future Talc Personal Injury Claimants *nunc pro tunc* to the Petition Date.  [Dkt. No. 647].

5.     On July 27, 2021 ITA and ITV commenced the Adversary Proceeding against Johnson & Johnson ("JNJ") and Johnson & Johnson Consumer Inc.  ("JJCI," and with JNJ, "J&J" or the "Defendants").

6.     No answer has been filed to the Complaint.  Shortly after the Adversary Proceeding was filed, each of the Plaintiff-Intervenors filed motions to intervene and the

Committee and the Future Claimants' Representative jointly filed a Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion for Preliminary Injunction") in their capacity as proposed intervenors.

7.    The Plaintiffs-Intervenors require an expedient resolution on their Motion for Expedited Discovery so that they will have all information reasonably available to them to prosecute the Motion for Preliminary Injunction set for hearing on August 24, 2021 in addition to preparing any necessary reply papers in support of their Motion for Preliminary Injunction which reply is due on August 19, 2021.

### AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)

8.    Pursuant to Local Rule 9006-1(e), the Plaintiffs-Intervenors hereby state that they contacted the Debtors regarding the Motion to Shorten who does not oppose the request. The Committee also contacted the UST but was unable to discuss the proposed relief in advance of the filing. The Committee did not attempt to contact the Defendants as such request would be fruitless and would only cause delay given the Defendants have taken the position before this Court that no discovery is necessary in connection with Motion for Preliminary Injunction. *See Imerys Talc America, Inc.* July 29, 2021 Hr'g Tr. at 12:7 and 12:14.

### RELIEF REQUESTED

9.    The Plaintiffs-Intervenors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, shortening notice of the Motion for Expedited Discovery so that it may be presented at a hearing in these chapter 11 cases at the Court's earliest convenience.

### BASIS FOR RELIEF REQUESTED

10.    Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under

the circumstances.  11 U.S.C. § 102(1).  The Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

11.     Bankruptcy Rule 9006 provides that the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown."  Fed. R. Bankr. P. 9006.  Local Rule 9006-1 sets the default time period requiring that "all motion papers shall be filed and served . . . at least fourteen (14) days prior to the hearing date."  Del. Bankr. L.R. 9006-1(c).

12.     Pursuant to Federal Rule of Bankruptcy Procedure 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 9006(c)(1).  In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis."  *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").

13.     Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

14.     Here, the Plaintiffs-Intervenors believe that such cause exists to shorten the time period under Bankruptcy Rule 9006-1(c) and Local Rule 9006-1(e) to consider the Motion for Expedited Discovery.

15.     The next scheduled hearing in these cases is August 24 which is also the date that the Motion for Preliminary Injunction is currently scheduled for hearing.  The Plaintiffs-Intervenors' reply in support of the Motion for Preliminary Injunction is due August 19, 2021.

Accordingly, shortened notice is necessary to ensure that the Motion for Expedited Discovery is decided in time to allow for discovery in advance of the reply and the hearing on the Motion for Preliminary Injunction.

## **NOTICE**

16.     Notice of this Motion to Shorten will be given to: (a) the Debtors' counsel, (b) the Office of the United States Trustee for the District of Delaware; (c) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (d) counsel for J&J.  The Plaintiffs-Intervenors submit that, under the circumstances, no other or further notice is required.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, the Plaintiffs-Intervenors respectfully requests entry of an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as is just and appropriate under the circumstances.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK
SIGNATURE BLOCK FOLLOWS**

Dated: August 4, 2021
Wilmington, Delaware

Respectfully submitted,

**ROBINSON & COLE LLP**

*/s/ Natalie D. Ramsey*
Natalie D. Ramsey (No. 5378)
Mark A. Fink (No. 3946)
1201 North Market Street, Suite 1406
Wilmington, Delaware 19801
Tel:    (302) 516-1700; Fax:  (302) 516-1699
nramsey@rc.com
mfink@rc.com

Michael R. Enright (admitted *pro hac vice)*
280 Trumbull Street
Hartford, CT 06103
Tel:  (860) 275-8290; Fax: (860) 275-8299
menright@rc.com

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Jeffrey B. Korn (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000; Fax: (212) 728-8111
rstrickland@willkie.com
jkorn@willkie.com
slombardi@willkie.com

**GILBERT LLP**
Kami E. Quinn (admitted *pro hac vice)*
Heather Frazier (admitted *pro hac vice*)
700 Pennsylvania Avenue, SE ; Suite 400
Washington, DC 20003
Telephone:    (202) 772-2200
quinnk@gilbertlegal.com
frazierh@gilbertlegal.com

*Counsel to the Official Committee of Tort Claimants*

and

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Tel. (302) 571-6600; Fax: (302) 571-1253
rbrady@ycst.com
eharron@ycst.com
szieg@ycst.com
jkochennash@ycst.com

*Counsel to the Future Claimants' Representative*